**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| ROBERT J. KLEBE | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 1:08-CV-0091-AWA |
| UNIVERSITY OF TEXAS SYSTEM and | § | |
| UNIVERSITY OF TEXAS HEALTH | § | |
| SCIENCE CENTER AT SAN ANTONIO, | § | |
|     Defendants. | § | |

**Attachment 6:   PRELIMINARY PROPOSED JURY CHARGE**

**GENERAL INSTRUCTION FOR THE JURY**:

MEMBERS OF THE JURY:

    You have heard the evidence in this case.  I will now instruct you on the law that you must apply.  It is your duty to follow the law as I give it to you.  On the other hand, you the jury are the judges of the facts.  Do not consider any statement that I have made in the course of trial or make in theses instructions as an indication that I have any opinion about the facts of the case.

    After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments.  Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

    Answer each question form the facts as you find them.  Do not decide who you think should win and then answer the questions accordingly.  Your answers and your verdict must be unanimous.  Do not let bias, prejudice or sympathy play any part in your deliberations.  Also, Texas universities and all other persons and entities are equal before the law and must be treated as equals in a court of justice.

You must answer all questions form a preponderance of the evidence.  By this is meant the greater weight and degree of credible evidence before you.  In other words, a preponderance of the evidence just means the amount of evidence that precludes you that a claim is more likely so than not so. In determining whether any facts has been proved by preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence tending to prove that the witness testified falsely concerning some important facts, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience.  In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and

evidence in the case.

The testimony of single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence- such as testimony of an eyewitness. The other is indirect or circumstantial evidence- the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

Any notes that you have taken during this trial are only aids to memory. If you memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight that the recollection or impression of each juror about the testimony.

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your

unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise.

Remember that in a very real way you are the judges- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

## GENERAL INSTRUCTIONS ON DAMAGES

Included in these instructions are several questions relating to the award of damages which, depending upon your answers to the questions relating to liability, you may or may not be required to answer. Should you reach these questions I am giving you general instructions to aid you in determining damages. You should refer to these instructions on each question you reach regarding the award of damages. You should not interpret the fact that I have given you instructions about the Plaintiff's damages as an indiction in any way that I believe that the Plaintiff should, or should not, win this case. It is your task first to decide whether the Defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the Defendant is liable, and that the Plaintiff is entitled to recover money from the Defendant.

If the plaintiff has proven his claim against the defendant by a preponderance of the evidence, you must determine the damages to which the plaintiff is entitled. You should not interpret the fact

that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money form the defendant.

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole- that is, to compensate the plaintiff for the damage that the plaintiff has suffered.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of her losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence.

## MITIGATION OF DAMAGES

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate-to avoid or minimize those damages. If you find Defendants are liable and Plaintiff has suffered damages, Plaintiff may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence Plaintiff unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether Plaintiff acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. Defendants have the burden of proving the damages which Plaintiff could have mitigated. In deciding whether to reduce Plaintiff's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether Defendants have satisfied their burdens of proving that Plaintiff's conduct was not reasonable.

## ADDITIONAL INSTRUCTION FOR QUESTION TWELVE

In determining damages, if any, under Question Twelve, you should consider the following elements of damage, and only these elements, to the extent you find them proved by a preponderance of the evidence:

- Lost earnings by the Plaintiff

In addressing this issue, you should follow the General Instructions on Damages and Mitigation of Damages set out above.

A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate- that is, to avoid or minimize- those damages.

If you find the defendant is liable and the plaintiff has suffered damages, the plaintiff may not recover for any item of damage which she could have avoided through reasonable effort. If you find by a preponderance of the evidence the plaintiff unreasonably failed to take advantage of an opportunity to lessen her damages, you should deny her recovery for those damages which she would have avoided had she taken advantage of the opportunity.

You are the sole judge of whether the plaintiff acted reasonably in avoiding or minimizing her damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce her damages. However, she is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. The defendant has the burden of proving the damages which the plaintiff could have mitigated. In deciding whether to reduce the plaintiff's damages because of any failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendant has satisfied her burden of proving that the plaintiff's conduct was not reasonable.

## CLOSING INSTRUCTIONS

This concludes my instructions on the law in this case. You will now hear the attorneys' closing arguments. You will then retire to the jury room to deliberate on your verdict. You may take this charge with you as well as any exhibits which the Court has admitted into evidence. You should first select a Foreperson and then begin your deliberations. If you recess during your deliberations, you must follow the instructions the Court has previously given concerning your conduct during the trial. Your Foreperson is to fill in the form answering the jury questions to reflect your unanimous verdict. Unless I direct you otherwise, do not reveal your answers until such time as you are

discharged.  You must disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me.  I will then respond as promptly as possible either in writing or by meeting with you in the courtroom.  I will always first show the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so.

## 2006 PTEC Decision

QUESTION 1 (predicate question):

Was the 2006 Post-Tenure Evaluation Committee's decision to assess Plaintiff's work as "Rating 2: Performance Needs Improvement" an "adverse employment action"?  An adverse employment action is (1)  failing or refusing to hire an individual, discharges an individual, or discriminating in any other manner against an individual in connection with compensation or the terms, conditions, or privileges of employment; or (2)  limiting, segregating, or classifying an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.


Answer: _____

If you answer "no," proceed directly to Question 5.



QUESTION 2 – **Alleged age discrimination**:

Did Plaintiff prove by a preponderance of the evidence that his age was a motivating factor in the 2006 Post-Tenure Evaluation Committee's decision to assess his work as "Rating 2: Performance Needs Improvement" when it did?  A "motivating factor" in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision.

Answer: _____

If you answer "no," proceed directly to Question 4.

Page 8 of  13

QUESTION 3:

Did the University of Texas Health Science Center at San Antonio prove by a preponderance of the evidence that the 2006 Post-Tenure Evaluation Committee would have assessed Plaintiff's work as "Rating 2: Performance Needs Improvement" for reasons unrelated to Plaintiff's age?

Answer: _____

If you answer "yes," award no damages for the alleged age discrimination associated with the 2006 PTEC.

QUESTION 4 – **Alleged retaliation**:

Did Plaintiff prove by a preponderance of the evidence that the 2006 Post-Tenure Evaluation Committee would have assessed his performance as "Rating 1: Performance Satisfactory" except for Plaintiff's January 2004 EEOC Charge of Discrimination? (Here, Plaintiff must establish that the EEOC charge-of-discrimination that allegedly caused the PTEC's decision was based upon the objectively reasonable belief that age discrimination was the motive for the action complained about in the charge. And Plaintiff must prove that but-for his filing of the EEOC charge-of-discrimination, the 2006 PTEC would have assigned Plaintiff's work "Rating 1: Performance Satisfactory.")

Answer: _____

Authority:

Courts have adopted a "but for" causation standard. *See Pineda v. United Parcel Service, Inc.*, 360 F.3d 483, 488–89 (5th Cir. 2004) (holding that PJC 107.9 the "motivating factor" causation standard applicable to claims under Tex. Lab. Code § 21.125 does not apply to retaliation claims under section 21.055); *Herbert v. City of Forest Hill*, 189 S.W.3d 369, 377 (Tex. App.—Fort Worth 2006, no pet.) ("A plaintiff asserting a retaliation claim must establish . . . a 'but for' causal nexus between the protected activity and the employer's prohibited conduct."); *Thomann v. Lakes Regional MHMR Center*, 162 S.W.3d 788, 799 (Tex. App.—Dallas 2005, no pet.) ("To prove a causal connection between her filing the complaint and the termination of her employment, Thomann must show that 'but for' filing the complaint, her employment would not have been terminated when it was.").

**2008 PTEC Decision**

QUESTION 5 (predicate question):

Was the 2008 Post-Tenure Evaluation Committee's decision to assess Plaintiff's work as "Rating 2: Performance Needs Improvement" an "adverse employment action"? An adverse employment action is (1) failing or refusing to hire an individual, discharges an individual, or discriminating in any other manner against an individual in connection with compensation or the terms, conditions,

or privileges of employment; or (2) limiting, segregating, or classifying an employee or applicant for employment in a manner that would deprive or tend to deprive an individual of any employment opportunity or adversely affect in any other manner the status of an employee.

Answer: _____

If you answer "no," proceed directly to Question 9.

QUESTION 6 — **Alleged age discrimination**:

Did Plaintiff prove by a preponderance of the evidence that his age was a motivating factor in the 2008 Post-Tenure Evaluation Committee's decision to assess his work as "Rating 2: Performance Needs Improvement" when it did? A "motivating factor" in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision.

Answer: _____

If you answer "no," proceed directly to Question 8.

QUESTION 7:

Did the University of Texas Health Science Center at San Antonio prove by a preponderance of the evidence that the 2008 Post-Tenure Evaluation Committee would have assessed Plaintiff's work for performance as "needs improvement" for reasons unrelated to Plaintiff's age?

Answer: _____

If you answer "yes," award no damages for the age alleged age discrimination associated with

the 2008 PTEC.

QUESTION 8 — **Alleged retaliation:**

Did Plaintiff prove by a preponderance of the evidence that the 2008 Post-Tenure Evaluation Committee would have assessed his performance as "Rating 1: Performance Satisfactory" except for Plaintiff's January 2004 or 2006 EEOC Charges of Discrimination? (Here, Plaintiff must establish that the EEOC charges-of-discrimination that alleged caused the PTEC's decision were

based upon the objectively reasonable belief that age discrimination or unlawful retaliation were motives for the actions complained about in the charges. And Plaintiff must prove that but-for his filing of the EEOC charge-of-discrimination, the 2008 PTEC would have assigned Plaintiff's work "Rating 1: Performance Satisfactory.")

Answer: _____

**Salary Decisions: 2004 to present**

QUESTION 9 — **Alleged age discrimination**:

Did Plaintiff prove by a preponderance of the evidence that his age was a motivating factor in the Dr. Christi Walter's decisions about Plaintiff's salary from 2004 to the present time? A "motivating factor" in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision.

Answer: _____

    If you answer "no" to this question, go to Question 11.

QUESTION 10:

Did the University of Texas Health Science Center at San Antonio prove by a preponderance of the evidence that Dr. Christi Walter would have made the same salary decisions for Plaintiff from 2004 to the present time for reasons unrelated to Plaintiff's age?

Answer: _____

    If you answer "yes" to this question, award no damages for the alleged unlawful age discrimination respecting the salary decisions.

QUESTION 11 — **Alleged retaliation:**

Did Plaintiff prove by a preponderance of the evidence that the Dr. Christi Walter would have raised his salary between 2004 and the present time except for Plaintiff's January 2004, August 2006, or July 2008 EEOC Charge(s) of Discrimination? (Here, Plaintiff must establish that the EEOC charges-of-discrimination that allegedly caused her decisions were based upon the objectively

reasonable belief that age discrimination/unlawful retaliation were the motives for the action complained about in the charges. And Plaintiff must prove that but-for his filing of the EEOC charge-of-discrimination, Dr. Walter would have decided to raise Plaintiff's salary.)

Answer: _____

QUESTION NO. 12:

\_\_\_\_\_If you answered "yes" to _____, what sum of money, if any, if paid now in cash, would fairly and reasonably compensate Plaintiff for the damages, if any, he has sustained as a result of Defendant's age discrimination or unlawful retaliation against him.

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include damages that my have been awarded in any other question in this charge. Do not include interest on any damages you may find.

Answer in dollars and cents for damages, if any.

A.   Back pay.

"Back pay" is that amount of wages and employment benefits that Plaintiff would have earned if she had not been subjected to her employer's unlawful conduct less any wages, unemployment compensation benefits or workers' compensation benefits she received in the interim.

Answer: _____

    Respectfully submitted,

    GREG ABBOTT
    Attorney General of Texas

    KENT C. SULLIVAN
    First Assistant Attorney General

    DAVID S. MORALES
    Deputy Attorney General for Litigation

    ROBERT B. O'KEEFE
    Chief, General Litigation Division


    _____/ s / _____[Lars Hagen]_____
    LARS HAGEN
    Texas Bar No. 24034470
    Assistant Attorney General
    General Litigation Division
    P.O. Box 12548, Capitol Station
    Austin, Texas 78711-2548
    (512) 463-2120
    (512) 320-0667  FAX
    ATTORNEYS FOR DEFENDANTS


## **CERTIFICATE OF SERVICE**

    I hereby certify that a true and correct copy of the foregoing document has been filed and sent via electronic notification on March 3, 2009, to:

John Judge
Judge, Kostura & Putman, P.C.
The Commissioner's House
at Heritage Square
2901 Bee Cave Road, Box L
Austin, Texas 78746
(512) 328-4132 fax

    _____/s/ Lars Hagen_____
    LARS HAGEN
    Assistant Attorney General