**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| ROBERT J. KLEBE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 1:08-CV-0091-AWA |
| UNIVERSITY OF TEXAS SYSTEM and | § | |
| UNIVERSITY OF TEXAS HEALTH | § | |
| SCIENCE SYSTEM AT SAN ANTONIO | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S PROPOSED SUPPLEMENTAL JURY QUESTIONS AND
INSTRUCTIONS**

TO THE HONORABLE COURT: In light of the Court's ruling on Defendant's motion for summary judgment, and without waiver of any appellate points, Plaintiff, Robert J. Klebe, files supplemental jury questions and instructions.

**A. PRELIMINARY INSTRUCTIONS**
(Modified from 5th Circuit Pattern Jury Instructions & Questions)

MEMBERS OF THE JURY:

1.  You have now been sworn as the jury to try this case. As the jury you will decide the disputed questions of fact. As the Judge, I will decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision. Soon, the lawyers for each of the parties will make what is called an opening statement. Opening statements are intended to assist you in understanding the evidence. What the lawyers say is not evidence. After the opening statements, the plaintiff will call witnesses and present evidence. Then, the defendant will have an opportunity to call witnesses and present evidence. After the parties' main case is completed, the

plaintiff may be permitted to present rebuttal evidence. After all the evidence is completed, the lawyers will again address you to make final arguments. Then I will instruct you on the applicable law. You will then retire to deliberate on a verdict.

2. Keep an open mind during the trial. Do not decide any fact until you have heard all of the evidence, the closing arguments, and my instructions. Pay close attention to the testimony and evidence.

3. If you would like to take notes during the trial, you may do so. If you do take notes, be careful not to get so involved in note taking that you become distracted and miss part of the testimony. Your notes are to be used only as aids to your memory, and if your memory should later be different from your notes, you should rely on your memory and not on your notes. If you do not take notes, rely on your own independent memory of the testimony. Do not be unduly influenced by the notes of other jurors. A juror's notes are not entitled to any greater weight than the-recollection of each juror concerning the testimony. Even though the court reporter is making stenographic notes of everything that is said, a typewritten copy of the testimony will not be available for your use during deliberations. On the other hand, any exhibits admitted into evidence will be available to you during your deliberations.

4. Until this trial is over, do not discuss this case with anyone and do not permit anyone to discuss this case in your presence. Do not discuss the case even with the other jurors until all of the jurors are in the jury room actually deliberating at the end of the case. If anyone should attempt to discuss this case or to approach you concerning the case, you should inform the Court immediately. Hold yourself completely apart from the people involved in the case—the parties, the witnesses, the attorneys and persons associated with them. It is important not only that you be fair and impartial but that you also appear to be fair and impartial.

5. Do not make any independent investigation of any fact or matter in this case. You are to be guided solely by what you see and hear in this trial. Do not learn anything about the case from any other source. In particular, do not read any newspaper account of this trial or listen to any radio or television newscast concerning it. Do not listen to any local radio or television newscasts until this trial is over, or read any local newspaper unless someone else first removes any possible reference to this trial.

6. During the trial, it may be necessary for me to confer with the lawyers out of your hearing or to conduct a part of the trial out of your presence. I will handle these matters as briefly and as conveniently for you as I can, but you should remember that they are a necessary part of any trial.

### B. GENERAL INSTRUCTIONS FOR CHARGE
(Modified from 5th Circuit Pattern Jury Instructions & Questions)

MEMBERS OF THE JURY:

7. You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

8. After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties; contentions.

9. Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be based on the vote of no fewer than 5 jurors. In the case of a less than unanimous verdict the same 5 jurors must agree to each of the answers to the questions submitted to you.

10. You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of which party may have produced them.

11. In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial. You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

12. While you should consider only the evidence in this case, you are permitted to draw such reasonable inferences from the testimony and exhibits as you feel are justified in the

light of common experience. In other words, you may make deductions and reach conclusions that reason and common sense lead you to draw from the facts that have been established by the testimony and evidence in the case.

13. The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

14. There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts.

15. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

16. When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as the exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about/on your conduct during the trial. After you have reached your verdict, your Foreperson is to fill in on the form your answers to the questions.

17. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

18.     If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

19.     After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

### C.  AGE-BASED RETALIATION.
(Modified from Texas Pattern Jury Charge §107-9, and
5th Circuit Pattern Jury Instructions & Questions, §11.6.1, Title VII Retaliation.)

20.     Plaintiff claims he was retaliated against for engaging in activity protected by Texas LABOR CODE, §21.055. Defendants deny Plaintiff's claims and contend that Defendants had legitimate reasons for their actions.

21.     It is unlawful for an employer to retaliate against an employee for engaging in activity protected by Texas LABOR CODE, §21.055. To prove unlawful retaliation, Plaintiff must prove by a preponderance of the evidence that he experienced an adverse employment action because he engaged in activity that is protected by Texas LABOR CODE, §21.055.

22.     Protected activity includes opposing an employment practice that is unlawful under Texas Labor Code, Chapter 21, making a charge of discrimination, or testifying, assisting, or participating in any manner in an investigation, proceeding, or hearing under Texas Labor Code, Chapter 21.

23.     An adverse employment action means a significant change in employment status, such as hiring, granting leave, discharging, promoting, compensating, or denial of paid or unpaid

leave.

24. Plaintiff does not have to prove that unlawful retaliation was the sole reason Defendant cut Plaintiff's pay or subjected him to any other form of retaliation.

25. If you disbelieve the reason, if any, Defendant has given for its action, you may infer Defendant took the action because the plaintiff engaged in protected activity.

**Question No. 1**

26. Was Robert Klebe's opposition to a discriminatory practice; making or filing a charge of discrimination; filing a complaint; or testifying, assisting, or participating in any manner in a discrimination investigation, proceeding, or hearing under the Texas Commission on Human Rights Act a motivating factor in Defendants' decision to:

  a. Continue the 25% pay cut from 2003 in effect;
  b. Deny cost of living pay increases;
  c. Impose unjustified post-tenure review; or
  d. Affirm unjustified "needs improvement" job performance assessment.

> A "motivating factor" in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision.

Answer: _____

### D.  AGE DISCRIMINATION
(Modified from Texas Pattern Jury Charge, §107-6, §107-20,
5th Circuit Pattern Jury Instructions and Questions §11.5.2).

27. Plaintiff claims that he was treated differently in the terms and conditions of his employment because of his age. Defendants deny Plaintiff's claims and contend that Defendants had legitimate reasons for their actions.

**Question No. 2**

28. Did Defendants' discriminate against Robert Klebe because of his age in any of the following particulars:

      a.       Continue the 25% pay cut from 2003 in effect;
      b.       Deny cost of living pay increases;
      c.       Impose unjustified post-tenure review; or
      d.       Affirm unjustified "needs improvement" job performance assessment.

A "motivating factor" in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision.

Answer: _____

## E. DAMAGES
(Modified from Texas Pattern Jury Charge §110-30, and
5th Circuit Pattern Jury Instructions & Questions §4.8 Damages.)

29. If you find that the defendant is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for all of the plaintiff's damages. Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, for it is only actual damages—what the law calls compensatory damages—that are recoverable. However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, tangible and intangible. They are an attempt to make the plaintiff whole, or to restore him to the position he would have been in if the accident had not happened.

30. You should consider the following elements of damages, to the extent you find that the plaintiff has established such damages by a preponderance of the evidence: physical pain and suffering including physical disability, impairment, and inconvenience, and the effect of the plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; mental anguish and feelings of economic insecurity caused by Defendants' action; income loss in the past; impairment of earning capacity or ability in the future, including impairment in the normal progress in the plaintiff's earning capacity due to Defendants' actions.

31.     Some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate the plaintiff for his injuries.

32.     If you find for the plaintiff, he is entitled to recover an amount that will fairly compensate him for any and all damages he has suffered to date.

33.     If you find that the plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for such future damages. In calculating future damages, you should consider the standard table of mortality as compiled by the United States Bureau of the Census, or other recognized mortality table as you have received in evidence.

34.     An award of future damages necessarily requires that payment be made now for a loss that plaintiff will not actually suffer until some future date. If you should find that the plaintiff is entitled to future damages, including future earnings, then you must determine the present worth in dollars of such future damages. If you award damages for loss of future you must reduce it to present value by considering the interest that the plaintiff could earn on the amount of the award if he made a relatively risk-free investment. The reason why you must make this reduction is because an award of an amount representing future loss of earnings is more valuable to the plaintiff if he receives it today than if he received it in the future, when he would otherwise have earned it. It is more valuable because the plaintiff can earn interest on it for the period of time between the date of the award and the date he would have earned the money. Thus you should adjust the amount of any award for future loss of earnings by the amount of interest that the plaintiff can earn on that amount in the future. However, you must not make any

adjustment to present value for any damages you may award for future pain and suffering or future mental anguish.

**Question No. 3**

35. What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Robert Klebe for his damages, if any, that resulted from such conduct?

Consider the elements of damages listed below and none other. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any damages you may find.

Answer in dollars and cents for damages, if any.

a. Physical pain and mental anguish in the past

Answer: _____

b. Physical pain and mental anguish, which in reasonable probability will occur in the future.

Answer: _____

c. Loss of income in the past.

Answer: _____

d. Impairment to future earning capacity, including impairment in the normal progress in the plaintiff's earning capacity due to Defendants' actions, if any, which in reasonable probability will occur in the future.

Answer: _____

## F. ATTORNEY FEES.
(Modified from Texas Pattern Jury Charge §110-43)

36. What is a reasonable fee for the necessary services of Robert Klebe's attorney in this case, stated in dollars and cents?

Answer with an amount for each of the following:

a.  For preparation and trial.

Answer: _____

b.  For an appeal to the Court of Appeals.

Answer: _____

c.  For petition for writ of *certiorari* to the Supreme Court of the United States.

Answer: _____

d.  For appeal to the Supreme Court of the United States.

Answer: _____

                      Respectfully submitted,

                      R. Robert Willmann, Jr.
                      Attorney at Law
                      P.O. Box 460167
                      San Antonio, Texas 78246
                      Telephone:   210/828-3444
                      Facsimile:   210/828-1767

                      JUDGE, KOSTURA & PUTMAN, P.C.
                      The Commissioners House at Heritage Square
                      2901 Bee Cave Road, Box L
                      Austin, Texas 78746
                      Telephone:   512/328-9099
                      Facsimile:   512/328-4132

By: _____
      John Judge
      State Bar No. 11044500
      Federal Bar No. 81191

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 5th day of March, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Lars Hagen
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone: 512/463-2120
Facsimile: 512/320-0667

John Judge