IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT J. KLEBE | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. 1:08-CV-00091-AWA |
| UNIVERSITY OF TEXAS SYSTEM and | § | |
| UNIVERSITY OF TEXAS HEALTH | § | |
| SCIENCE CENTER AT SAN ANTONIO | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S OBJECTIONS TO DEFENDANTS'**
**DEPOSITION EXCERPTS and SUPPLEMENTAL TENDER**

TO THE HONORABLE COURT: Plaintiff files his objections to Defendants' designated deposition excerpts, and supplemental tender of deposition excerpts, as follows:

### A. Alan Dean

Defendants have tendered the entire Dean deposition, pp. 1-171. Plaintiff objects to the following portions of the Defendants' tender.

1. P. 1 – p. 8, l. 14, is repetitious and cumulative of Plaintiff's tender.

2. P. 8, l. 15 – p. 19, l. 11 is irrelevant. Rule 402, FRE.

3. P. 19m l, 21 – p. 28, l. 2 is irrelevant, and contains counsel side-bar comments. Rule 402, FRE.

4. P. 28, l. 14 – p. 29, l. 13 is irrelevant. Rule 401, FRE.

5. P. 29, l. 24 – p. 30, l. 9 is irrelevant. Rule 402, FRE.

6. P. 31, l. 4-6 is irrelevant. Rule 402, FRE.

7. P. 34, l. 20 – p. 36, l. 1 is irrelevant. Rule 402, FRE.

8. P. 37, l. 11 – p. 38, l. 21 was not originally tendered by Plaintiff, but in light of Defendants' tender this segment is tendered by Plaintiff as follows:

                                    37
11  Q       Right.  Now, in addition to these
12  e-mails between you and Dr. Herman, did you have
13  occasion to talk to him about his concerns?
14  A       I don't recall ever having a
15  discussion one-on-one with him regarding this or
16  anything.  Except when I left the University, we
17  had the exit interview.
18  Q       Well, tell us about that.
19  A       The exit interview?
20  Q       Yeah.
21  A       It was -- it was good.  Very good.  I
22  mean, we had a nice -- really, it was a very good
23  discussion about the future of the Health Science

                                    38
 1  Center, his role in it, what I had accomplished,
 2  very friendly, lasted probably a half hour.
 3  Q       Did he indicate any displeasure with
 4  the quality of your performance?
 5  A       Not at all.
 6  Q       What was his role at that time?  He
 7  had moved on from Department Chair, hadn't he?
 8  A       Correct.  He was Vice President of
 9  Research, VPR.
10  Q       As far as you could tell, he was
11  happy with your work?
12  A       Yes.
13  Q       And why were you leaving?  You had
14  been offered this job back here in Birmingham?
15  A       That is correct.  I was -- had been
16  called about this job, I would say, nine months
17  before I left to see if I had an interest.
18  Q       So if D. Herman were to testify that
19  he had some disappointment in your job
20  performance, he didn't convey that to you?
21  A       No, he did not.

9.   P. 39, l. 14-20 is irrelevant.  Rule 402, FRE.

10.  P. 40, l. 21 – p. 40, l. 5 is irrelevant.  Rule 402, FRE.

11.  P. 42, l. 7 – p. 49, l. 18 is irrelevant and contains counsels' side bar comments.  Rule 402, FRE.

12. P. 51, l. 3 – p. 52, l. 2 is irrelevant.  Rule 402, FRE.

13. P. 52, l. 10 – p. 53, l. 12 is irrelevant.  Rule 402, FRE.

14. P. 54, l. 18-20, counsel's objection is not well taken, and should be denied.

15. P. 55, l. 9-11 is irrelevant.  Rule 402, FRE.

16. P. 55, l. 19-22 is irrelevant.  Rule 402, FRE.

17. P. 56, l. 9 – p. 62, l. 11 is irrelevant and contains counsels' side-bar comments. Rule 402, FRE.

18. P. 64, l. 5 – p. 90, l. 14 is irrelevant, contains counsels' side-bar comments, and objections to irrelevant material.  Rule 402 and 403, FRE.

19. P. 90, l. 22, -- p. 91, l. 10 is irrelevant.  Rule 402, FRE.

20. P. 92, l. 13 – p. 106, l. 5 is irrelevant.  Rule 402, FRE.

21. P. 106, 19 – p. 107, l. 20 is irrelevant.  Rule 402, FRE.

22. P. 108, l. 15 – p. 109, l. 17 is irrelevant.  Rule 402, FRE.

23. P. 110, l. 18 – p. 111, l. 19 is irrelevant.  Rule 402, FRE.

24. P. 112, l. 18 – p. 116, l. 12 is irrelevant.  Rule 402, FRE.

25. P. 117, l. 11 – p. 126, l. 2 is irrelevant and contains counsels' colloquy regarding an evidentiary privilege.  Rule 402, FRE.

26. P. 127, l. 4-17 is irrelevant.  Rule 402, FRE.

27. P. 128, l. 3 – p. 129, l. 16 is irrelevant.  Rule 402, FRE.

28. P. 130, l. 5 – p. 131, l. 18 is irrelevant and contains side-bar colloquy between counsel.  Rule 402, FRE.

29. P. 133, l. 1 – p. 136, l. 5 is irrelevant and contains side-bar colloquy between counsel.  Rule 402, FRE.

30. P. 136, l. 15, -- p. 138, l. 17 is irrelevant and contains side-bar colloquy between counsel and the witness.  Rule 402, FRE.

31. P. 140 l. 7 – p. 171 is irrelevant and contains side-bar colloquy between counsel and the witness.  Rule 402, FRE.

### B.  Barry Norling

Defendants have tendered the deposition of Barry Norling from p. 46, l. 13 – p. 55, l. 25.

Plaintiff objects to this tender as follows:

32. P. 49, l. 10 – p. 54, l. 15 as evidenced by the answers, invite the witness to speculate about matters outside his personal knowledge, and contain the colloquy of counsel regarding evidentiary objections.

33. P. 54, l. 16 – p. 55, l. 13 is irrelevant.  Rule 402, FRE.

> Respectfully submitted,
>
> R. Robert Willmann, Jr.
> Attorney at Law
> P.O. Box 460167
> San Antonio, Texas 78246
> Telephone:   210/828-3444
> Facsimile:    210/828-1767
>
> JUDGE, KOSTURA & PUTMAN, P.C.
> The Commissioners House at Heritage Square
> 2901 Bee Cave Road, Box L
> Austin, Texas 78746
> Telephone:   512/328-9099
> Facsimile:    512/328-4132
>
> By: _____
> John Judge
> State Bar No. 11044500
> Federal Bar No. 81191

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

    I hereby certify that on the 10th day of March, 2009, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Lars Hagen
Assistant Attorney General
Office of the Attorney General
General Litigation Division
P.O. Box 12548, Capitol Station
Austin, Texas 78711-2548
Telephone:   512/463-2120
Facsimile:    512/320-0667

                                            John Judge