Filed 9-4-09

Clerk, U. S. District Court
Western District of Texas
By _____ Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT J. KLEBE | § | |
| | § | |
| V. | § | A-08-CA-091 AWA |
| | § | |
| UNIVERSITY OF TEXAS HEALTH | § | |
| SCIENCE CENTER AT SAN ANTONIO | § | |

## JURY CHARGE

**GENERAL INSTRUCTIONS FOR THE JURY**

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you the jury are the judges of the facts. Do not consider any statement that I have made in the course of trial or will make in these instructions as an indication that I have any opinion about the facts of this case.

After I instruct you on the law, the attorneys will have an opportunity to make their closing arguments. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

You will be given questions to answer concerning the issues in this case. Answer each question from the facts as you find them. Do not decide who you think should win and then answer the questions accordingly. Your answers and your verdict must be unanimous.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than

not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the testimony and evidence.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence that you may consider in properly finding the truth as to the facts in the case. One is direct evidence – such as testimony of an eyewitness. The other is indirect or circumstantial evidence – the proof of a chain of circumstances that indicates the existence or nonexistence of certain other facts. As a general rule, the law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

Certain testimony was presented to you through a deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned this witness under oath. A court reporter was present and recorded the testimony. The questions and answers were read to you during the trial. This deposition testimony is entitled to the same consideration and is to be weighed and otherwise considered by you, insofar as possible, in the same way as if the witness had been present and had testified from the witness stand in court.

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field—he is called an expert witness—is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly

3

as an expert witness and his income from such testimony represents a significant portion of his income.

When a government entity, such as the University of Texas Health Science Center at San Antonio, is involved in actions, of course it may act only through natural persons such as agents or employees. Any authorized action by an official, employee, or agent of a government entity constitutes an action by that government entity. Evidence that an act was done as part of the job assigned to an official or employee is sufficient for you to conclude that the act was authorized by the entity.

Do not let bias, prejudice, or sympathy play any part in your deliberations. This case should be considered and decided by you as an action between persons of equal standing in the community, or equal worth, and holding the same or similar stations in life. All persons, such as Robert Klebe, and entities, including the University of Texas Health Science Center at San Antonio, stand equal before the law and must be treated as equals in a court of justice.

Any notes that you have taken during this trial are only aids to memory. If your memory should differ from your notes, then you should rely on your memory and not on the notes. The notes are not evidence. A juror who has not taken notes should rely on his or her independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

Attached to this Jury Charge is a Verdict Form that contains ~~four~~ six questions. Before answering a particular question on the Verdict Form, you must consider the instructions for that question that are provided below. Bear in mind, members of the jury, that you may or may not

ultimately answer each question. Carefully follow the "roadmap" instructions on the Verdict Form to determine which questions you must answer.

## GENERAL INSTRUCTIONS ON DAMAGES

If you found that Dr. Klebe has proven by a preponderance of the evidence that the University of Texas Health Science Center at San Antonio violated the Texas Labor Code by discriminating against Dr. Klebe on the basis of his age, or by retaliating against Dr. Klebe for filing a charge of age discrimination or for filing a lawsuit against the University, then you must determine whether the University has caused Dr. Klebe damages, and, if so, you must determine the amount, if any, of those damages.

You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

If you find that the defendant is liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that plaintiff has suffered.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. You should

not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that the plaintiff is reasonably likely to suffer in the future.

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definitiveness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances in the evidence. You should only consider damages from August 24, 2004, to the date of trial.

## SPECIFIC INSTRUCTIONS

The Plaintiff, Dr. Robert Klebe, makes two claims in this case. First, he claims that the Defendant, the University of Texas Health Science Center at San Antonio, engaged in age discrimination when it reduced his salary in 2003, and when it kept that salary constant thereafter. Second, he claims that the University retaliated against him for filing a charge of age discrimination with the EEOC and for filing a lawsuit against the University complaining of age discrimination. He claims that the retaliation took the form of negative Post Tenure Evaluation Committee ("PTEC") reviews in 2006 and 2008, and in keeping his salary constant after 2003. You are instructed that this case does not include a claim for any alleged mishandling of the commercialization of the patents innovated by Dr. Klebe.

**INSTRUCTIONS FOR QUESTION ONE**

Question One asks: "Was age a motivating factor in the University's decision to reduce Dr. Klebe's salary in 2003 or its decisions to keep his salary constant after 2003?"

Dr. Klebe claims that the University discriminated against him by reducing his salary by 25% commencing in September 2003, and by failing to increase that salary in subsequent years. The University contends that it has not discriminated against Dr. Klebe, but rather that it based its decisions on his salary on his performance.

It is unlawful for an employer to reduce an employee's salary or to refuse to raise that salary because of that individual's age if the individual is forty years of age or older. To prevail on this issue, Dr. Klebe bears the burden of proving by a preponderance of the evidence each of the following:

1. that he was at least forty (40) years old; and

2. that his age was one of the reasons the University reduced his salary or was one of the reasons the University has not raised that salary since 2003.

You should be mindful that the law applicable to this case requires only that an employer not discriminate against an applicant because of that applicant's age. So far as you are concerned in this case, an employer may reduce an employee's salary, or not raise that salary, for any other reason, good or bad, fair or unfair, and you must not second guess that decision or permit any sympathy for Dr. Klebe to lead you to substitute your own judgment for that of the University even though you personally may not favor the action taken and would have acted differently under the circumstances. Neither does the law require an employer to extend any special or favorable treatment to individuals because of their age.

On the other hand, it is not necessary for the Plaintiff to prove that the Plaintiff's age was the sole or exclusive reason for the Defendant's decision. It is sufficient if the Plaintiff proves that his age was a motivating factor in the Defendant's decision. A "motivating factor" in an employment decision is a reason for making the decision at the time it was made. There may be more than one motivating factor for an employment decision.

Although the Plaintiff must show that the Defendant discriminated against him, he is not required to produce direct evidence of discrimination. Intentional discrimination may be inferred from the existence of other facts. Thus, in deciding whether ~~the~~ Dr. Klebe's age was a motivating factor in the University's decisions on his salary, you may consider whether the University's stated reasons for its decisions are not the true reasons for the decision, but are a pretext to hide age discrimination. Further, you may consider any statement made or act done or omitted by any individual whose intent is in issue, and all other facts and circumstances which indicate his or her state of mind.

If, after considering all these factors, you find from a preponderance of the evidence that age was a motivating factor in the decision of the University to reduce Dr. Klebe's salary in 2003 or its decisions to keep his salary constant after 2003, you must answer the appropriate subsection of Question One on the Verdict Form "yes." If you do not so find, answer "no."

8

## INSTRUCTIONS FOR QUESTION TWO

Question Two asks: "Do you find that the University demonstrated from a preponderance of the evidence that it would have reduced Dr. Klebe's salary in 2003, or kept his salary constant after 2003 even if it had not considered his age?"

If you find in Dr. Klebe's favor on Question One, you must decide whether the University has shown by a preponderance of the evidence that it would have taken the same actions for other reasons even in the absence of the University's improper consideration of Dr. Klebe's age. The burden of proof on this issue is on the University. Thus, unless the University demonstrates by a preponderance of the evidence that it would have reduced Dr. Klebe's salary in 2003, and not raised it thereafter even if it had not considered Dr. Klebe's age, then you should answer Question Two "no." If you find, however, that the University demonstrated by a preponderance of the evidence that it would have reduced Dr. Klebe's salary in 2003, and would have kept it at that level thereafter even if it had not considered his age, then you should answer Question Two "yes."

## INSTRUCTIONS FOR QUESTIONS THREE AND SIX

If you answer "yes" to any part of Questions One or Four, and "no" to the corresponding part of Questions Two and Five, Dr. Klebe is entitled to recover an amount that will fairly compensate him for any damages he has suffered as a result of the University's conduct.

Question Three asks: "What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Dr. Klebe for his damages, if any, that resulted from the conduct you have found in Question One?

Answer in dollars and cents for damages, if any. **Answer only for that conduct for which you have answered "yes" in Question One.**

9

a.  2003 salary reduction:

   (1)  Back pay:

   Answer: _____

   (2)  Mental anguish:

   Answer: _____

b.  Keeping salary constant after 2003:

   (1)  Back pay:

   Answer: _____

   (2)  Mental anguish:

   Answer: _____ "

Question Six asks: "What sum of money, if any, if paid now in cash, would fairly and reasonably compensate Dr. Klebe for his damages, if any, that resulted from the conduct you have found in Question Four?
Answer in dollars and cents for damages, if any, in the categories listed.  **Answer only for that conduct for which you have answered "yes" in Question Four.**

a.  Negative PTEC reviews

   (1)  Back pay:

   Answer: _____

   (2)  Mental anguish:

   Answer: _____

b.  Keeping salary constant:

(1)   Back pay:

Answer: _____

(2)   Mental anguish:

Answer: _____"

To make an award of damages to Dr. Klebe, you must find by a preponderance of the evidence that he has suffered such damages. You should also refer to the General Instructions on Damages for general guidance in determining this award.

You should consider the following elements of damages, to the extent you find them proved by a preponderance of the evidence: (1) back pay and (2) mental anguish. Consider each element separately. Do not include damages for one element in any other element. Do not include interest on any amount of damages you may find. You should answer in dollars and cents for damages, if any.

"Back pay" is that amount of wages and employment benefits that plaintiff would have earned if he had not been subjected to his employer's unlawful conduct. "Employment benefits" include contributions to his retirement fund.

With regard to mental anguish, no evidence of the value of intangible things, such as mental anguish, has been or need be introduced. You are not trying to determine value, but you should award an amount that will fairly compensate the plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in light of the evidence.

**INSTRUCTIONS FOR QUESTION FOUR**

Question Four asks: "Did the University give Dr. Klebe negative PTEC reviews, or did it keep his salary constant after 2003 because of Dr. Klebe's filing a charge of age discrimination against the University or because of his filing a lawsuit against the University?"

Dr. Klebe contends that the University retaliated against him by giving him "needs improvement" findings in its PTEC reviews in 2006 and 2008, and also retaliated against him by keeping his salary constant after 2003. The University denies that it retaliated against Dr. Klebe.

Texas law makes it unlawful for an employer to retaliate against an employee because an employee complains of an unlawful employment practice against the employer. In order for Dr. Klebe to recover on his claim of retaliation against the University, he must prove all of the following elements by a preponderance of the evidence:

(1) that he engaged in activity protected under Texas law;

(2) that an adverse employment action occurred; and

(3) that a causal link existed between the participation in the protected activity and the adverse employment action.

You are instructed that filing a charge of discrimination with the EEOC, and filing an age discrimination lawsuit are both "protected activities" for purposes of this claim. You are further instructed that Dr. Klebe experienced an adverse employment action when he received a "needs improvement" rating from the PTEC committees in 2006 and 2008, and that failure to provide a salary increase would also qualify as an adverse employment action. Therefore, your duty is to focus on the third element of this claim. To recover for retaliation, Dr. Klebe need not prove that the

underlying claim of age discrimination was in fact a violation of Texas law. Rather, he need only prove that he had a reasonable good faith belief that a violation of Texas law had occurred.

With regard to the third element, in order to prevail on his claim, Dr. Klebe must prove by a preponderance of the evidence that the University gave him the "needs improvement" rating or failed to raise his salary after 2003 because he participated in a protected activity. There may be more than one cause for an employment decision. Dr. Klebe need not establish that his filing a charge of age discrimination or his filing a lawsuit against the University was the sole cause of the challenged decisions. He must, however, prove that but for his filing of his charge or filing of his suit, the University would not have given him the "needs improvement" rating or failed to raise his salary after 2003.

You are instructed that in your determination of the verdict, you are not called upon to determine whether you agree or disagree with the University's decisions in this regard. Your sole responsibility in this case is to determine whether Dr. Klebe has proven that the University's negative performance reviews of Dr. Klebe, and their failure to raise his salary since 2003 occurred because he filed a charge of age discrimination or filed a lawsuit against the University.

If you find from a preponderance of the evidence that Dr. Klebe has shown this, you must answer the appropriate subsection of Question Four on the Verdict Form "yes." If you do not so find, answer "no."

**INSTRUCTIONS FOR QUESTION FIVE**

Question Five asks: "Do you find that the University demonstrated from a preponderance of the evidence that it would have given Dr. Klebe negative PTEC reviews, or kept his salary

13

constant after 2003 even if it had not considered his filing of a charge of discrimination or filing of a discrimination lawsuit?"

If you find in Dr. Klebe's favor on Question Four, you must decide whether the University has shown by a preponderance of the evidence that it would have taken the same actions for other reasons even in the absence of the University's improper consideration of Dr. Klebe's protected activities. The burden of proof on this issue is on the University. Thus, unless the University demonstrates by a preponderance of the evidence that it would have given Dr. Klebe negative PTEC reviews, or kept Dr. Klebe's salary constant after 2003 even if it had not considered Dr. Klebe's filing of a charge of discrimination or filing of a discrimination lawsuit, then you should answer Question Five "no." If you find, however, that the University demonstrated by a preponderance of the evidence that it would have given Dr. Klebe negative PTEC reviews, and kept Dr. Klebe's salary constant after 2003 even if it had not considered Dr. Klebe's filing of a charge of discrimination or filing of a discrimination lawsuit, then you should answer Question Five "yes."

## INSTRUCTIONS ON DELIBERATIONS

When you retire to the jury room to deliberate on your verdict, you may take this charge with you as well as exhibits which the Court has admitted into evidence. Select your Foreperson and conduct your deliberations. If you recess during your deliberations, follow all of the instructions that the Court has given you about your conduct during the trial. After you have reached your unanimous verdict, your Foreperson is to fill in on the form your answers to the questions. Do not reveal your answers until such time as you are discharged, unless otherwise directed by me. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message or question to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by having you brought into the courtroom so that I can address you orally. I will always first disclose to the attorneys your question and my response before I answer your question.

After you have reached a verdict, you are not required to talk with anyone about the case unless the Court orders otherwise. You may now retire to the jury room to conduct your deliberations.

Submitted the 4th day of September, 2009, at 9 o'clock a.m.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE