# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **ROBERT J. KLEBE** | § § § | |
| **V.** | § § | A-08-CA-091 AWA |
| **UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT SAN ANTONIO** | § § § | |

## ORDER

Before the Court is the above-cited case. Plaintiff Robert Klebe filed the instant lawsuit against Defendant University of Texas Health Science Center at San Antonio (the "University") alleging discrimination on the basis of age, and retaliation for filing a charge of discrimination and for filing a lawsuit against the University. On August 31, 2009, the Court called the above-styled cause for trial. After the close of the Defendant's case and both parties had rested, Defendant moved the Court pursuant to Federal Rule of Civil Procedure 50 to enter judgment for Defendant on all of Plaintiff's claims. This order is entered solely to memorialize the rulings that the undersigned made in open court on the Rule 50 motions.

Under Rule 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." FED. R. CIV. P. 50(a). Defendants moved for judgment on Plaintiff's claim that he received negative Post Tenure Evaluation Committee ("PTEC") reviews due to age discrimination, alleging that there was no legally sufficient evidentiary basis for a reasonable jury to find for Plaintiff on this issue. As stated on the record, the Court GRANTS the Motion with

regard to this claim. The Court finds that Plaintiff has not presented any evidence for a reasonable jury to find for Plaintiff on this claim.

While Klebe presented evidence that the Committee was constituted in a fashion that was perhaps not typical of how PTEC review committees were generally formed, Klebe did not present any evidence that could support a jury finding that the Committee discriminated against him because of his age when they gave him the negative PTEC reviews. The testimony from the participants in the review committees, the composition of the committees, and the age of the members of the committees all seem to suggest to the contrary rather strongly. Additionally, the motivation that has been articulated in Klebe's case about age discrimination was that the University wanted to save money and make that money available to the department to hire younger, less expensive faculty. The testimony indicated, however, that PTEC reviews do not permit termination, nor are they used as a basis for reducing a tenured professor's salary. Thus, the motivation evidence offered to show age discrimination does not support a claim that the negative PTEC reviews were a result of age discrimination. Accordingly, the Court **GRANTS** the University's motion for judgment as a matter of law on Klebe's claim that he received negative PTEC reviews due to age discrimination.

The University also moved for judgment as a matter of law on Klebe's claim that the University discriminated against him by cutting his salary and by keeping his salary flat, and that the University retaliated against him by keeping his pay constant and by giving Klebe negative PTEC reviews. Additionally, the University moved for judgment as a matter of law on Klebe's claim that the negative PTEC reviews caused him mental anguish. Consistent with the Court's oral ruling on

the record, Defendant's Rule 50 motion as to these claims is **DENIED WITHOUT PREJUDICE** to refiling after verdict.[1]

SIGNED this 19th day of October, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE

---

[1] Indeed, those post-verdict motions have been filed and are set for hearing on Thursday, October 22, 2009.