# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| ROBERT J. KLEBE | § | |
| --- | --- | --- |
| | § | |
| V. | § | A-08-CA-091 AWA |
| | § | |
| UNIVERSITY OF TEXAS HEALTH | § | |
| SCIENCE CENTER AT SAN ANTONIO | § | |

## ORDER

Before the Court are Plaintiff's Motion to Enter Judgment and Memorandum in Support (Clerk's Doc. No. 157); Defendant's Motion for a Take-nothing Judgment and Memorandum in Support Thereof (Clerk's Doc. No. 161); Plaintiff's Response (Clerk's Doc. No. 162); Defendant's Reply (Clerk's Doc. No. 163); Plaintiff's Sur-reply (Clerk's Doc. No. 170); Plaintiff's Amended Motion to Enter Judgment (Clerk's Doc. No. 168); and Defendant's Response to Plaintiff's Amended Motion to Enter Judgment (Clerk's Doc. No. 169).

## BACKGROUND

Plaintiff Robert Klebe filed this lawsuit against the University of Texas Health Science Center at San Antonio (the "University") alleging discrimination on the basis of age, and retaliation for filing a charge of discrimination and for filing a lawsuit against the University. On August 31, 2009, the Court called the above-styled cause for trial. After the close of the Defendant's case and both parties had rested, Defendant moved the Court pursuant to Federal Rule of Civil Procedure 50 to enter judgment for Defendant on all of Plaintiff's claims. The Court granted the University's motion for judgment as a matter of law on Klebe's claim that he received negative Post Tenure Evaluation Committee ("PTEC") reviews due to age discrimination. However, the Court denied without prejudice to refiling their motion for judgment as a matter of law on Klebe's claim that the

University discriminated against him by cutting his salary and by keeping his salary flat, and that the University retaliated against him by keeping his pay constant and by giving him negative PTEC reviews. Additionally, the Court denied the University's motion for judgment as a matter of law on Klebe's claim that the negative PTEC reviews caused him mental anguish.

On September 4, 2009, the jury returned a verdict finding no age discrimination by the University, but that the University's decisions to keep his salary constant and to give him negative PTEC reviews were in retaliation for filing a charge of discrimination. The jury also found that the University would have made the pay decision even had Klebe not complained of discrimination, but they would not have given him negative PTEC reviews had he not complained of discrimination. In regard to damages stemming from the negative PTEC reviews, the jury awarded $900,000 in mental anguish damages.

The University has now filed its renewed motion for judgment as a matter of law on Klebe's claim that the University retaliated against him by keeping his pay constant and by giving him negative PTEC reviews, and on Klebe's claim that the negative PTEC reviews caused him mental anguish. Conversely, Klebe has filed a motion for entry of judgment on the verdict.[1] Having considered the motions, the record, and the arguments made during the hearing, the Court enters the following order.

---

[1] On October 26, 2009, Klebe filed an amended motion for entry of judgment, which supercedes his prior motion. The only difference between the amended and original motions is that the amended motion argues that the statutory damage cap has been waived. Because the amended motion supercedes the original motion, Plaintiff's first motion for entry of judgment (Clerk's Doc. No. 157) is DENIED AS MOOT.

**DISCUSSION**

Under Rule 50, a court should render judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." FED. R. CIV. P. 50(a). In entertaining a motion for judgment as a matter of law, the court should review all of the evidence in the record. *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133 (2000). In *Reeves*, the Supreme Court set forth certain principles for courts to follow when reviewing the evidence:

> [T]he court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge. Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe. That is, the court should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that that evidence comes from disinterested witnesses.

*Id.* at 150–151 (internal quotations and citations omitted).

Defendant UTHSC has moved for judgment as a matter of law[2] on several grounds. UTHSC argues that there is insufficient evidence for a jury to find that (1) the PTEC reviews were retaliatory; (2) the PTEC reviews caused Klebe mental anguish; and (3) the PTEC reviews caused him $900,000 in mental anguish. Additionally, UTHSC argues that (1) the negative reviews were not adverse employment actions as a matter of law; (2) Klebe failed to exhaust his administrative remedies in regard to his claim that his salary was kept constant in retaliation for filing a charge of

---

[2]Defendant's motion is styled as a motion for take-nothing judgment, but in it, the University argues that there is no evidence, or legally insufficient evidence, for a jury to find for Plaintiff on his claims, or that portions of his claims fail as a matter of law. Accordingly, the Court will treat this as a motion for judgment as a matter of law, as this is the relief Defendant requests. *See* FED. R. CIV. P. 50.

3

discrimination; and (3) at the least, his mental anguish damages are capped at $300,000 by Texas law.

**A.      Retaliation finding in regard to the PTEC reviews**

Defendant argues that there is insufficient evidence for the jury to find that the negative PTEC reviews Klebe received in 2006 and 2008 were in retaliation for Klebe's filing a charge of age discrimination. The Court disagrees and believes that Klebe has offered sufficient evidence that these reviews were in retaliation for his complaints of discrimination. Such evidence includes the fact that following his charge of discrimination, Klebe received two of the three "needs improvement" ratings that had ever been given by UTHSC (out of a total of approximately 500 PTEC reviews), the fact that Dr. Herbert testified that Dr. Klebe was "not that bad" and that he was surprised to learn Klebe had received 2 of the 3 "needs improvement" ratings ever given, the evidence of Klebe's work during the relevant review period, and the fact that the appeals committee decided to uphold the rating prior to receiving evidence of Klebe's work after he was told that the committee would consider it. Furthermore, there is the evidence that Klebe's former student was asked to recuse herself from the initial review committee, as well as the evidence suggesting the PTECs were not formed in the manner required by the University's own policies.

To be sure, the evidence that the PTEC reviews were retaliatory is not overwhelming, but it is not the Court's role to rule as it would have had it been the fact finder. Rather, the Court is to draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence. By this standard, the Court believes sufficient evidence exists for a jury to find that the PTEC reviews were retaliatory.

**B.      Adverse employment actions**

Defendant argues that as a matter of law, the "needs improvement" ratings were not adverse employment actions that can support a retaliation claim. As discussed on the record at trial and at the hearing on these motions, the Court disagrees. The PTEC reviews at issue in this case are materially different than performance evaluations that employees periodically get in the normal course of their employment, which courts have held do not constitute adverse employment actions. At trial, there was testimony that the number of PTEC reviews where the outcome was something other than "satisfactory" was very small, as well as evidence that a "needs improvement" rating would make it very difficult to find a job in another university. Given the fact that so few had received less than "satisfactory" ratings, the fact that PTEC reviews only occurred once every five years (or every two years following a "needs improvement" rating), and the negative effect it would have on getting new employment elsewhere, the Court believes receiving a "needs improvement" PTEC rating would have the effect of dissuading a reasonable worker from making or supporting a charge of discrimination and therefore would qualify as an adverse employment action. *See Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53, 68 (2006).

**C.      Failure to exhaust**

Defendant next reasserts its claim that Klebe failed to exhaust his administrative remedies in regard to his claim that his salary was kept constant in retaliation for filing a charge of discrimination. The Court stands by its previous ruling on this issue as well. While the charge could have been more explicit, a cause of action

> may be based, not only upon the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's

> allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination.

*Fellows v. Universal Restaurants, Inc.*, 701 F.2d 447, 451 (5th Cir.), *cert. denied*, 464 U.S. 828, (1983). Judged by this standard, the Court believes that Plaintiff exhausted his administrative remedies in regard to this claim. Indeed, Klebe initially complained that the cut in salary was age discrimination, and then he complained that the negative PTEC reviews were acts of retaliation. From this, it was reasonable to expect that a review of his concerns that he had not had any increase in salary over the years at issue could grow out of the EEOC's overall examination of Klebe's complaints.

**D.     Damages**

Finally, Defendant argues that there is no legally sufficient evidence that Klebe suffered any compensable mental anguish as a result of the "needs improvement" PTEC reviews, that there is insufficient evidence to support the amount of damages awarded, and that, at the least, damages must be capped at $300,000 pursuant to the Texas Labor Code cap on damages.

In this case, it is clear that there is sufficient direct evidence that all of the University's actions Klebe complained of caused Klebe to suffer some mental anguish. What is unclear is what mental anguish flowed from which of the actions complained of, or, more to the point, what mental anguish flowed from the particular actions the jury found retaliatory—the 2006 and 2008 negative PTEC reviews. Much of Klebe's testimony in regard to mental anguish did not clearly distinguish what was caused by the conduct the jury ultimately found actionable, and what was caused by conduct that was not found to be illegal, such as the pay cut, or found to be retaliatory but not such that it entitled Klebe to damages, such as keeping his pay constant. In any event, having reviewed

6

the record carefully, the undersigned believes that the evidence does not support the jury's verdict of $900,000 in mental anguish stemming from the negative PTEC reviews. Nor does the evidence support a capped award of $300,000. Considering the specific conduct the jury found was retaliatory and on which it awarded mental anguish damages, "the award was so excessive that it 'clearly exceed[ed] that amount that any reasonable man could feel the claimant [was] entitled to.'" *Swift v. State Farm Mut. Auto. Ins. Co.*, 796 F.2d 120, 124 (5th Cir. 1986) (citing *Shows v. Jamison Bedding, Inc.*, 671 F.2d 927, 934 (5th Cir.1982)). The Court believes that *Vadie v. Mississippi State University*, 218 F.3d 365 (5th Cir. 2000), supports the finding that the damages award in this case is excessive. *Vadie* also involved a mental anguish award on a retaliation claim by a university professor, and, as in this case, the record in *Vadie* was devoid of any medical evidence supporting any injury, or any specific evidence supporting the plaintiff's broad assertions of emotional injury. *Id.* at 377–78. The only evidence to support mental anguish was plaintiff's testimony as to what he suffered, based on which the jury awarded him $350,000.[3] The Fifth Circuit in *Vadie* found that an award of $300,000 for mental anguish on these facts was "entirely disproportionate to the injury sustained." *Id.*

While the mental anguish award here is clearly excessive, there is some evidence of mental anguish flowing from the PTEC reviews, the jury found the PTEC reviews were retaliatory, and the jury awarded mental anguish damages on that conduct. Accordingly, it is not appropriate for the Court to, as the University requests, enter judgment as a matter of law that Klebe suffered no compensable mental anguish. Instead, the Court believes it is appropriate to order a partial new trial

---

[3] This amount was reduced by the District Judge to $300,000 because of the relevant statutory cap on compensatory damages. *Vadie*, 218 F.3d at 370.

7

on the limited issue of what mental anguish damages Klebe suffered from the 2006 and 2008 PTEC reviews.

Federal Rule of Civil Procedure 59 provides that a court may "grant a new trial on all or some of the issues . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court . . . ." FED. R. CIV. P. 59(a). Although the rule does not specify what grounds are necessary to support such a decision, a new trial may be appropriate if the verdict is against the weight of the evidence, the amount awarded is excessive, or the trial was unfair or marred by prejudicial error. *Smith v. Transworld Drilling Co.*, 773 F.2d 610, 613 (5th Cir. 1985). The decision to grant or deny a motion for new trial is within the sound discretion of the trial court. *Pryor v. Trane Co.*, 138 F.3d 1024, 1026 (5th Cir. 1998). "Rule 59 gives the trial judge ample power to prevent what he considers to be a miscarriage of justice. It is the judge's right, and indeed his duty to order a new trial if he deems it in the interest of justice to do so." 11 WRIGHT, MILLER, & KANE, FEDERAL PRACTICE AND PROCEDURE § 2803 (2d ed. 1995). While the court is to respect the collective wisdom of the jury and cannot grant a new trial simply because the court would have reached a different conclusion then the jury did,[4] "[i]f, having given full respect to the jury's findings, the judge on the entire evidence is left with the definite and firm conviction that a mistake has been committed, it is to be expected that he will grant a new trial." *Id.* § 2806.

Under Rule 59(d), it is permissible for the Court to order a new trial *sua sponte*. *See*, *e.g.*, *Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530, 1538 (5th Cir. 1984) (noting how district judge declared a mistrial and ordered a new trial *sua sponte* pursuant to Federal Rule of Civil Procedure 59(d)). Partial retrials are also permissible under Rule 59, though they "should not be

---

[4]*Peterson* v. *Wilson*, 141 F.3d 573, 577 (5th Cir. 1998).

8

resorted to unless it appears that the issue to be retried is so distinct and separable from the others that a trial of it alone may be had without injustice." *Colonial Leasing of New England, Inc. v. Logistics Control Int'l*, 770 F.2d 479, 481 (5th Cir. 1985) (quotation marks omitted). In cases where the issues subject to retrial are "so interwoven with other issues in the case that they cannot be submitted to the jury independently without confusion and uncertainty, which would amount to a denial of a fair trial, then it is proper to grant a new trial on all of the issues raised." *Id.*

In this case, the Court believes that the issue to be retried is distinct and separable from the others at trial, such that it may be tried without retrying the entire case. Specifically, all that needs to be retried is what mental anguish damages Klebe suffered because of the negative PTEC reviews, which is the only conduct the jury awarded damages on. *See Davis v. Safeway Stores, Inc.*, 532 F.2d 489, 491 n.3 (5th Cir. 1976) (finding partial retrial on single element of damages appropriate because the court clearly separated the amounts awarded for each element of damages, and a redetermination was only necessary for one element); *cf. McDonald v. ISK Biosciences*, 1999 WL 34590221 (S.D. Tex. 1999) (reconsidering court's *sua sponte* order of partial new trial and finding that retrial of whole case was necessary because jury verdict did not specify the precise conduct upon which the jury based its finding of liability). Unlike in *McDonald v. ISK Biosciences*, the jury verdict in this case did specify the precise conduct upon which the jury based its finding of liability, thus making a retrial of the entire case unnecessary. This approach would also serve to reduce the risk of the jury awarding mental anguish damages for conduct the jury found was not actionable, such as the pay decisions, and it would prevent the jury from awarding damages for the alleged mishandling of the patents, a claim that was not even before the jury. Given the excessive award, it appears that this is indeed what the jury may have done in this case, despite the Court's instructions to the contrary.

Accordingly, the Court will order a partial new trial on the mental anguish damages Klebe suffered because of the negative PTEC reviews.

## CONCLUSION

In light of the foregoing, IT IS ORDERED that Defendant's Motion for a Take-nothing Judgment (Clerk's Doc. No. 161) is DENIED.

IT IS FURTHER ORDERED that Plaintiff's Amended Motion to Enter Judgment (Clerk's Doc. No. 168) is DENIED.

The Court ORDERS a partial retrial on what amount of money, if any, should be awarded to Klebe to compensate him for any mental anguish he suffered because of the negative PTEC reviews. The jury trial of this limited issue is hereby SET for November 30, 2009, at 9:00 a.m. If the parties believe that a final pretrial conference is necessary, they are to contact Julie Golden at 916-5896, ext. 244 to request a setting.

SIGNED this 6th day of November, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE