# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT J. KLEBE | § | |
| | § | |
| V. | § | A-08-CA-091 AWA |
| | § | |
| UNIVERSITY OF TEXAS HEALTH | § | |
| SCIENCE CENTER AT SAN ANTONIO | § | |

## ORDER

Before the Court is the Plaintiff's Proffer of Evidence, Motion for Reconsideration of Boyce Elliott, III, M.D. Testimony, Modification of Scheduling Order, and Continuance (Clerk's Doc. No. 192). The Court is acting on the motion without a response, given that the motion was filed at 12:30 p.m. on Wednesday, November 25, 2009, the Courthouse is closed Thursday and Friday for Thanksgiving, and trial is set to commence on Monday, November 30, 2009.

In short, Plaintiff requests that the Court permit the introduction of testimony of Dr. Boyce Elliot, III, permit the introduction of medical records from his practice, and delay the trial to permit the Defendant to depose Dr. Elliot. He contends that the evidence from Dr. Elliot was not pertinent until *after* the jury's verdict during the trial in August - September 2009. Plaintiff alleges that the cessation of his symptoms after that verdict demonstrates that the PTEC reviews in fact were the cause of his mental anguish, and that Dr. Elliot's testimony will demonstrate this. This argument has no merit and Plaintiff's motion will be denied.

The Plaintiff seems to have forgotten that he filed this lawsuit, and that he asked a jury to, among other things, award him damages for mental anguish he contends he suffered as a result of the University's PTEC reviews. It has been incumbent upon him from the start to submit evidence of this, and Dr. Elliot's treatment and impressions of the Plaintiff from 2005 to the time of the

September trial was quite obviously just that sort of evidence. Plaintiff chose not to submit that evidence, and not even to designate Dr. Elliot as a potential expert witness in the case. He made those decisions long ago. He now wants to rethink that approach, and to justify his change of mind with the rather outrageous claim that it is only because he has improved since the verdict was returned that Dr. Elliot's testimony is now relevant. That is absurd. The testimony was patently relevant before the first trial, and is not any more relevant now than it was then. Moreover, Dr. Elliot's proffered testimony does not support Dr. Klebe's argument. His opinion is that "the PTEC ratings were a direct and proximate cause of the patient's indignation, wounded pride, severe disappointment, public humiliation, and despair."[1] Dr. Elliot does *not* opine that the PTEC reviews were the only cause of Dr. Klebe's distress, and his notes indicate quite clearly the opposite. They show that Dr. Klebe came to see him well before the reviews, and identified many things about the University other than the PTEC reviews as causative agents in his distress. Thus, the affidavit does not support the assertion that Dr. Elliot's testimony only became relevant recently.

Further, and perhaps most simply, the fact that Dr. Klebe has felt vindication since the verdict is not evidence that the PTEC reviews were the cause of all of his distress. The Court feels confidant that Dr. Klebe would have felt equally vindicated by a finding of age discrimination and a six figure award for lost wages, and would have experienced there very same marked improvement from his prior despair. The Court is very happy for Dr. Klebe that he has experienced this improvement, but

---

[1]The Court finds it interesting that Dr. Elliot's affidavit describes Dr. Klebe's distress in the exact same language Plaintiff's counsel points to in his memorandum of law as the type of symptoms Texas law states will justify an award of mental anguish. *See* Plaintiff's Memorandum on Mental Anguish Damages (Clerk's Doc. No. 180) at ¶ 180. The affidavit also contains several details not to be found in Dr. Elliot's contemporary notes. It appears that the affidavit was written by counsel, not by Dr. Elliot.

Dr. Klebe's feeling of vindication and his improvement after the favorable verdict is not evidence that the only cause of his prior distress was the complained-of conduct that the jury found actionable.

ACCORDINGLY, the Plaintiff's Motion for Reconsideration of Boyce Elliott, III, M.D. Testimony, Modification of Scheduling Order, and Continuance (Clerk's Doc. No. 192) are all DENIED. The Proffer of Evidence is admitted into the record for purposes of an appeal. Trial will commence on Monday, November 30, 2009 as scheduled.

SIGNED this 25th day of November, 2009.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE