**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| ROBERT J. KLEBE | § | |
| | § | |
| | § | |
| V. | § | A-08-CA-091  AWA |
| | § | |
| UNIVERSITY OF TEXAS HEALTH | § | |
| SCIENCE CENTER AT SAN ANTONIO | § | |

**ORDER**

Before the Court are Plaintiff's Motion to Enter Judgment and Memorandum in Support (Clerk's Doc. No. 203), and Defendant's Opposition to Plaintiff's Motion for Judgment, Motion for a Take-nothing Judgment, and Memorandum in Support (Clerk's Doc. No. 204).

**BACKGROUND**

Plaintiff Robert Klebe filed this lawsuit against the University of Texas Health Science Center at San Antonio (the "University") alleging discrimination on the basis of age, and retaliation for filing a charge of discrimination and for filing a lawsuit against the University. On August 31, 2009, the Court called the above-styled cause for trial. After the close of the Defendant's case and both parties had rested, Defendant moved the Court pursuant to Federal Rule of Civil Procedure 50 to enter judgment for Defendant on all of Plaintiff's claims. The Court granted the University's motion for judgment as a matter of law on Dr. Klebe's claim that he received negative Post Tenure Evaluation Committee ("PTEC") reviews due to age discrimination. However, the Court denied without prejudice to refiling the motion for judgment as a matter of law on Dr. Klebe's claim that the University discriminated against him by cutting his salary and by keeping his salary flat, and that the University retaliated against him by keeping his pay constant and by giving him negative PTEC

reviews. Additionally, the Court denied the University's motion for judgment as a matter of law on Dr. Klebe's claim that the negative PTEC reviews caused him mental anguish.

On September 4, 2009, the jury returned a verdict finding that while the University did not engage in age discrimination, the University's decisions to keep his salary constant and to give him negative PTEC reviews were in retaliation for filing a charge of discrimination. The jury also found that the University would have made the pay decision even had Dr. Klebe not complained of discrimination, but further found that the University would not have given Dr. Klebe negative PTEC reviews had he not complained of discrimination. In regard to damages stemming from the negative PTEC reviews, the jury awarded $900,000 in mental anguish damages.

The University filed a renewed motion for judgment as a matter of law on Dr. Klebe's claim that the University retaliated against him by keeping his pay constant and by giving him negative PTEC reviews, and on Dr. Klebe's claim that the negative PTEC reviews caused him mental anguish. The Court denied the motion, but ordered *sua sponte* a partial retrial on the limited issue of what mental anguish damages Klebe suffered because of the PTEC reviews. The partial retrial commenced on November 30, 2009. On December 1, 2009, the jury returned a verdict finding that $400,000 would fairly and reasonably compensate Dr. Klebe for his mental anguish resulting from the "needs improvement" PTEC reviews in 2006 and 2008.

The University has again filed a motion for a take-nothing judgment, arguing that the evidence does not support $300,000 in mental anguish damages.[1] Dr. Klebe has filed a motion for

---

[1] Due to the statutory cap on damages, the award for mental anguish damages must be reduced to $300,000. TEX. LABOR CODE § 21.2585(d)(4). Thus, this is the starting point for considering whether the damages are excessive. *See Giles v. Gen. Elec. Co.*, 245 F.3d 474, 488 (5th Cir. 2001) ("When deciding whether a jury award is excessive, we consider the amount of the award after application of the statutory cap, not the amount given by the jury.").

entry of judgment, which requests entry of judgment on the verdict (as reduced by law), along with certain other relief in addition to the $300,000 mental anguish award. Specifically, Dr. Klebe asks that the Court order the University to cease and desist from all acts of retaliation against Dr. Klebe; upgrade Dr. Klebe's 2006 and 2008 PTEC ratings of "2" to ratings of "1, Satisfactory;" make appropriate changes in the University's records consistent with the Court's order pertaining to Dr. Klebe's post tenure reviews and all other relevant employment and professional performance review records; make the judgment in this case a part of Dr. Klebe's post tenure review files and all other relevant employment and professional performance review records; and report its actions in compliance with the injunctive and equitable orders within 10 days of entry of the judgment. Furthermore, Dr. Klebe asserts that he is entitled to recover his attorney and expert witness fees, and he will file an appropriate post-judgment application pursuant to Rule 54 and Local Rule CV 7 (i).[2]

## **DISCUSSION**

As noted above, the University requests that the Court enter a take-nothing judgment for the University. Alternatively, the University requests that Dr. Klebe's proposed judgment be modified to exclude much of the additional relief requested by Dr. Klebe. Each of the issues raised in the response (other than attorney and expert fees) will be considered in turn.

**A.    Damages**

As it did prior to the partial retrial, the University argues that Dr. Klebe's testimony is not legally sufficient to support the jury's award of mental anguish damages. Following the first trial,

---

[2]The University spends a portion of its response/motion arguing that at least a portion of these fees are not recoverable, as Plaintiff did not prevail on many of the claims asserted against the University. The Court will address these issues when the post-judgment application for fees is filed.

the Court partially agreed and found there was not sufficient evidence of mental anguish flowing directly from the PTEC reviews to support the *amount* of damages awarded. Thus, *sua sponte*, the Court ordered a partial retrial on the sole issue of whether the "needs improvement" reviews were the cause of any mental anguish to Dr. Klebe, and if so, what amount of money would fairly compensate him for that mental anguish. The second jury, upon hearing testimony from Dr. Klebe, awarded him $400,000 in mental anguish damages. The second jury, however, did not hear about other alleged misconduct by the University, and these jurors were clearly instructed—on multiple occasions—to only award damages for the mental anguish Dr. Klebe suffered because of the PTEC reviews, and not for any economic injury Dr. Klebe might have suffered as a result of the PTEC findings, or for any other actions by the University. Dr. Klebe's testimony was, for the most part, centered around showing what mental anguish he suffered because of the PTEC reviews.[3] As the issue has now gone to two separate juries of twelve, and both came back with verdicts exceeding the statutory cap, the Court will enter judgment for the Plaintiff for the full amount allowed by statute.

---

[3]Unfortunately Dr. Klebe's counsel, who made no bones that he was unhappy with the Court's retrial order, continually pushed the envelope of the Court's orders regarding the scope of evidence that was permitted for the retrial. Dr. Klebe himself assisted with this in some of his testimony. Although this conduct does not meet the standards the Court expects from counsel, the undersigned disagrees with the University's contention that the conduct procured the jury's award of mental anguish damages. The jury was instructed repeatedly that the *only* issue it was to determine was whether the "needs improvement" ratings caused Dr. Klebe mental anguish, and if so, in what amount. And while the University feels that the jury merely punished the University for the prior finding of retaliation, the jury was specifically instructed that "[d]amages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant." Thus, while the Court is disappointed with counsel's behavior, it does not believe that behavior tainted the trial. In the end, of course, it will be for the court of appeals to review the record of this trial to determine if the Court's curative instructions during trial were sufficient to address these matters. In this regard, Plaintiff and his counsel have made their bed, and on appeal they will have to lie in it.

### B. Injunctive Relief

If a court finds that an employer engaged in an unlawful employment practice, it may prohibit the employer, by injunction, from engaging in an unlawful employment practice in the future. Furthermore, the court may order additional equitable relief as may be appropriate, including upgrading an employee with or without pay. TEX. LABOR CODE § 21.258. Pursuant to this provision, Dr. Klebe asserts that he is entitled to equitable relief and injunctive orders requiring the University to: (1) cease and desist from all acts of retaliation against Dr. Klebe; (2) upgrade Dr. Klebe's negative PTEC ratings of 2006 and 2008 to a rating of "1, Satisfactory;" (3) make changes consistent with the jury's findings in its records pertaining to Dr. Klebe's post tenure reviews and in all other relevant employment and professional performance review records; (4) make the judgment in this case a part of all of Dr. Klebe's relevant files; and (5) report its actions in compliance with the injunctive and equitable orders within 10 days of entry of the judgment.

#### 1. Cease and Desist Order

In regard to Dr. Klebe's request that the Court order the University to cease and desist from all acts of retaliation against Dr. Klebe, the Court will deny this request. Under Federal Rule of Civil Procedure 65, an injunction must "describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required." FED. R. CIV. P. 65; *see also* TEX. R. CIV. P. 683 (same). "An injunction must be definite, clear, and concise, leaving the person enjoined in no doubt about his duties, and should not be such as would call on him for interpretations, inferences, or conclusions." *Vaughn v. Drennon*, 202 S.W.3d 308, 316 (Tex. App.—Tyler 2006, no pet.).

As the University asserts, the Fifth Circuit recently vacated a similar injunctive order. *See McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 283–84 (5th Cir. 2008). In that case, the Fifth Circuit held that the district court's injunction lacked the detail required under Rule 65(d) by including "such vague directives as 'cease and desist all racially biased assignment and promotion practices,' 'create and implement a program to ensure that black employees receive an equitable proportion of promotions,' and 'take all necessary steps to remedy the effects of past discrimination.'" *Id.* The order failed to afford notice to the defendant of its proscribed or required conduct and was therefore unenforceable. *Id.* at 284. In this case, the requested injunction is even more vague, and merely requests conduct that is already required by law. Given the state and federal prohibitions on retaliation, and the long-standing nature of the dispute between the parties in this case, the Court is confident that the University will be quite circumspect in its dealings with Dr. Klebe, and very mindful of the prohibitions against retaliation. Accordingly, this request is denied.

2. Upgrade PTEC Ratings and Related Relief

Dr. Klebe next requests an order for the University to upgrade Dr. Klebe's negative PTEC ratings of 2006 and 2008 to a rating of "1, Satisfactory," and to make appropriate changes consistent with the Court's order in its records pertaining to Dr. Klebe's post tenure review and all other relevant employment and professional performance review records. Additionally, Dr. Klebe requests that the Court order the University to make the judgment in this case a part of Dr. Klebe's post tenure review and all other relevant employment and professional performance review records. The University responds by arguing that it should not be required to "misstate historical facts," and that making these changes would be extremely burdensome to the University.

Rather than ordering the University to upgrade Dr. Klebe's PTEC ratings, the Court believes that the appropriate injunctive relief is to order that the ratings be expunged from Dr. Klebe's records. The Court will order that the University: (1) remove all documents related to the PTEC reviews from its records; (2) not use the reviews and the ratings for *any* purpose; and (3) not communicate the reviews or ratings to any third party. In other words, the University's actions and its records shall be as if these reviews never happened. As for making the judgment part of Dr. Klebe's records, the Court will deny this request. The judgment is a public record, and is available to any party who wishes to review it. Further, given the order removing all references to the PTEC reviews from its records, there is no need to include the judgment in the records.

Further, the University shall report its actions in compliance with the injunctive and equitable orders within 30 days of entry of the judgment, unless an appeal is filed, in which event it shall report its actions within 30 days of any final order affirming the injunctive and equitable relief.

### C. Pre- and Post-Judgment Interest

Finally, the University argues that the statutory cap on damages also applies to pre- and post-judgment interest, such that if Plaintiff gets to keep the full amount of mental anguish damages allowed under the cap, he may not also be awarded interest on that amount. In regard to pre-judgment interest, the Court agrees. *See, e.g.*, *Columbia Hosp. Corp. of Houston v. Moore*, 92 S.W.3d 470, 474 (Tex. 2002) (holding prejudgment interest on damages subject to cap in former Medical Liability and Insurance Improvement Act may be awarded only up to cap amount). In regard to post-judgment interest, the University offers no authority for the proposition that post-judgment interest cannot be awarded on top of a capped award. Accordingly, post-judgment interest will be permitted on the judgment from the date it is entered until paid.

## CONCLUSION

Based on the foregoing, the Court will **GRANT IN PART and DENY IN PART** Plaintiff's Motion to Enter Judgment and Memorandum in Support (Clerk's Doc. No. 203), and a judgment consistent with this order is being entered contemporaneously with this order.

SIGNED this 23rd day of December, 2009.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE