IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| ROBERT J. KLEBE | § | |
| | § | |
| V. | § | A-08-CA-091  AWA |
| | § | |
| UNIVERSITY OF TEXAS HEALTH | § | |
| SCIENCE CENTER AT SAN ANTONIO | § | |

### ORDER

Before the Court is the Defendant's Emergency Motion to Clarify Final Judgment (Clerk's Doc. No. 256) and Plaintiff's Response (Clerk's Doc. No. 257), as well as Defendant's Opposed Motion to Extend Time (Clerk's Doc. No. 258). In the motion to clarify, the University requests that the Court identify the date on which the University must comply with the following provision of the Judgment entered in this case on December 23, 2009:

> As part of this Judgment, IT IS FURTHER ORDERED that the University: (1) remove all documents related to the 2006 and 2008 PTEC reviews of Dr. Klebe from its records; (2) not use these reviews and ratings for *any* purpose; and (3) not communicate the reviews or ratings to any third party. Further, the University IS ORDERED to report its actions in compliance with the injunctive and equitable orders within 30 days of entry of the judgment, unless an appeal is filed, in which event it shall report its actions within 30 days of any final order affirming the injunctive and equitable relief. The report shall take the form of an advisory to the court filed with the Clerk of this Court under the style of this case.

Clerk's Doc. No. 209. The motion to extend requests that, in the event the Court finds that the deadline for compliance is December 17, 2011, the Court extend the deadline to January 11, 2012.

The relevant procedural history is that on December 23, 2009, a Final Judgment was entered on the jury's verdict in this case. Following post-judgment motions, and the Court's entry of a judgment on attorney's fees, the University filed a notice of appeal on May 12, 2010. On November 17, 2011, the Fifth Circuit affirmed the judgment in all respects, except as to the Court's inclusion

of $4,000 in expert fees in the judgment on attorney's fees. On December 9, 2011, the Circuit issued its judgment as a mandate, and on December 12, 2011, the undersigned entered an Amended Judgment on Attorney's Fees, implementing the $4,000 reduction directed by the Fifth Circuit's opinion.

The University states that it believes that the 30-day deadline contained in the Final Judgment (quoted above) began to run on the date the Court amended the judgment (December 12, 2011), while the Plaintiff contends that the deadline began to run on the date that the Fifth Circuit issued its opinion (November 17, 2011), as that was the date of the "final order affirming the injunctive and equitable relief."

The Court does not believe that either of these dates is the proper date on which to begin counting. The date the University advocates —the date of the Court's Amended Judgment—is clearly not the correct date, as the Amended Judgment it is not the "final order" that affirmed the judgment. On the other hand, the date that the Plaintiff looks to—the date on which the Circuit first issued its opinion—is also not the proper date, as the opinion was not at that time a "final order." It became final only when the University's rights to appeal or otherwise seek review expired. Because the Court is uncertain of the exact date on which the University's right to seek review expired. it will instead use a date that is easy to ascertain—the date the Circuit issued its judgment as a mandate. That date is December 9, 2011.

Thus, the University's deadline for filing the advisory called for in the Final Judgment is 30 days from December 9, 2011, which is January 8, 2012. Because that date is a Sunday, the deadline becomes January 9, 2012. *See* FED. R. CIV. P. 6(a)(1)(C).

ACCORDINGLY, IT IS ORDERED that Defendant's Emergency Motion to Clarify Final Judgment (Clerk's Doc. No. 256) is GRANTED, as set forth above. IT IS FURTHER ORDERED that Defendant's Opposed Motion to Extend Time (Clerk's Doc. No. 258) is DENIED AS MOOT.

SIGNED this 16th day of December, 2011.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE